UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CHRISTIAN J. HENRICH, | 05-CV-0798E(Sc) |
| Plaintiff, | |
| -vs- | MEMORANDUM |
| JOHN W. FIELD, individually, | and |
| JOSEPH B. ELAD, individually, | |
| FAITH B. ELAD, individually, | ORDER[1] |
| QUANTUM LEAP HOLDINGS, INC. and | |
| QUANTUM LEAP INNOVATIONS, INC., | |
| Defendant. | |

---

## **BACKGROUND**

Plaintiff Christian Henrich ("Henrich") commenced this action on November 4, 2005 against his former employer Quantum Leap Innovations, Inc., ("Innovations"), Quantum Leap Holdings, Inc., ("Holdings"), and corporate officers John W. Field, Joseph B. Elad and Faith B. Elad (collectively "Defendants"). Henrich alleges that Defendants breached his employment agreement with Innovations and committed various torts at the time of and after his termination in November 2002. Henrich asserts claims for unlawful termination, misrepresentation, breach of contract, conversion, and breach of fiduciary duty. He also seeks a declaratory judgment and the imposition of a constructive trust. Pending before the Court is Defendants' Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Rule

---

[1] This decision may be cited in whole or in any part.

12(b)(2) of the Federal Rules of Civil Procedure ("FRCvP") and for improper venue pursuant to FRCvP 12(b)(3).

## **FACTS**

The following facts are alleged in Henrich's Complaint and are, for purposes of this Motion, assumed to be true. Innovations and Holdings are Delaware corporations. Field and the Elads are Delaware residents. From November 2000 to August 2001 Henrich provided consulting services to Quantum. On August 27, 2001, Henrich entered into an Employment Agreement ("Agreement") with Innovations by which Innovations employed Henrich as its Chief Network Building Officer. The Agreement was negotiated and entered into in Delaware. Under the terms of the Agreement, Innovations issued to Henrich 3,250 shares of Innovations stock subject to a specific vesting schedule. On November 5, 2001 Holdings also issued to Henrich 3,250 shares of Holdings stock. In the Agreement, Innovations reserved the right to buy back its shares upon the termination of the Agreement.

On or about November 8, 2002, Henrich was terminated. Shortly after his termination, Henrich relocated to New York.[2] On November 18, 2002 Innovations sent Henrich a letter informing him that it was exercising the right to buy back its shares. The letter enclosed a check for the value of the shares. In February 2003, Innovations sent Henrich another letter informing him that Holdings was exercising its right to buy back its shares. Enclosed with the letter was a check for the value of the shares

---

[2] Henrich affirms that at the time of his termination he informed Field of his intention to relocate to Buffalo by the end of December 2002.

as determined by Holdings. While not alleged in the Complaint, the letters indicate and Henrich does not dispute that the letters were addressed and sent to his Delaware residence and were accepted by his wife. Henrich responded to the February letter, rejecting Innovations "offer" to repurchase the shares. This lawsuit followed.

## DISCUSSION

A. Venue

When faced with a motion to dismiss for improper venue pursuant to FRCvP 12(b)(3), the burden rests with the plaintiff to show that venue in the selected forum is proper. *See United States Envtl. Prot. Agency* v. *Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001); *Indymac Mortgage Holdings, Inc.* v. *Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001). The Court must assume all allegations in the complaint to be true, unless contradicted by the defendant's affidavits, and "[w]hen an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Indymac*, at 237 (internal citations and quotation marks omitted). If venue in the chosen forum is improper, the Court has discretion to dismiss the case or to transfer the case, pursuant to 28 U.S.C. §1406(a), to a District in which venue is proper.

Section 1391(a) of Title 28 of the United States Code governs the venue of civil actions. It states:

> "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

28 U.S.C. §1391(a). Henrich argues that venue is proper in this District pursuant to §1391(a)(2) because Defendants attempted to repurchase his shares by tendering an "offer" to him in Buffalo, New York and that such constitutes a "substantial part of the events $_{***}$ giving rise to the claim." Henrich's argument is unavailing. The United States Court of Appeals for the Second Circuit has warned that district courts are to take seriously the adjective "substantial" within the venue statute. *See Gulf Ins. Co.* v. *Glassbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). The Second Circuit stated that "substantial" events means "*significant* events *material* to the plaintiff's claim must have occurred in the district in question $_{***}$." *Ibid.* (emphasis in original).

As noted, this lawsuit consists of several claims: unlawful termination, misrepresentation, breach of contract, breach of fiduciary duty and conversion. All of the relevant acts with respect to the unlawful termination, misrepresentation and breach of contract claims occurred in Delaware. Henrich was hired in Delaware, performed his work in Delaware, negotiated and executed the Agreement in Delaware, relied in Delaware on representations allegedly made in Delaware, and was terminated in Delaware.

With respect to the conversion and breach of fiduciary duty claims, Henrich alleges that he experienced some or all of the injury related to those claims in New York. However, most of the *events* related to those claims occurred in Delaware. Defendants made the decisions to repurchase his shares in Delaware.[3] The letters notifying Henrich of Defendants' decisions to repurchase his shares and the checks representing the value of the shares were initially provided to Henrich in Delaware in November 2002 and February 2003.[4] Moreover, if Defendants breached their fiduciary duties to Henrich by failing to keep him apprised of information of which he should have been made aware, those omissions occurred in Delaware. Thus, even if the Court accepts Henrich's argument that he experienced part or all of the injury related to his conversion and/or breach of fiduciary duty claim in New York due to the transmission of letters to him in New York, the Court concludes that such events do not constitute a *substantial* portion of the events or omissions giving rise to the totality of his claims and §1391(a)(2) is inapplicable. Furthermore, §1391(a)(3) is inapplicable because all Defendants reside in Delaware and this action could have been commenced in the District of Delaware pursuant to §1391(a)(1). Thus, venue is improper in this District.

---

[3] The Court notes that Henrich alleges that, contrary to the Agreement, the Board of Directors never actually met to decide to repurchase his shares. Even if the Board did not meet, as all Defendants reside in Delaware, then the decision to repurchase — whether or not properly authorized — was made in Delaware.

[4] Defendants provided copies of the letters addressed to Henrich in Delaware as well as return receipts with Henrich's wife's signature.

- 5 -

As noted *supra*, the Court has discretion to transfer the matter to a District in which venue is proper when doing so would further the interests of justice. *See* 28 U.S.C. §1406(a); *Daniel* v. *Am. Bd. of Emergency Medicine*, 428 F.3d 408, 435-36 (2d Cir. 2005). A "compelling" argument for transfer is presented when a plaintiff's case, if dismissed, would be time-barred in the proper forum. *Ibid*. Here, there is an issue with respect to whether plaintiff's case — or a portion thereof — would be time-barred. It appears that Henrich's claims for breach of contract, breach of fiduciary duty and conversion would be subject to Delaware's three-year statute of limitations if no basis for tolling exists. 10 Del. C. §8106.

Accordingly, it is **ORDERED** that venue is improper in this District and as this action could have been commenced in the District of Delaware, the action is transferred to the District of Delaware pursuant to 28 U.S.C. §1406(a), and the Clerk of the Court is directed to take all steps necessary to effectuate the transfer[5] and to close this case in this District.

DATED:   Buffalo, N.Y.

September 13, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.

---

[5] In light of the Court's conclusion that venue is improper in this District, the Court does not reach the merits of Defendants' claim of lack of personal jurisdiction.